IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNIE JAMES WILSON JR.,

      Plaintiff,

v.                                                     No. 1:21-cv-00941-KK

INTERCONTINENTAL HOTELS GROUP,
d.b.a. Holiday Inn Express,

      Defendant.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTION**

      **THIS MATTER** comes before the Court on *pro se* Plaintiff's Objection and Attachments to: Court[']s Order Imposing Filing Restrictions, Doc. 12, filed November 1, 2021 ("Objection").

      On September 27, 2021, the Court transferred this case to the Central District of California. *See* Order, Doc. 5. Because Plaintiff had initiated a case in this Court earlier this year with a complaint that is essentially identical to the Complaint in this case and continued to file documents in the first case after the Court transferred that case, the undersigned notified Plaintiff that:

> this Court, having transferred the case to the Central District of California, cannot grant Plaintiff any relief. The Court also notifies Plaintiff that this Court will not consider, and will not transfer to the Central District of California, any additional documents that Plaintiff files in this case. Any documents relevant to this case that Plaintiff wishes to file must be filed in the Central District of California. Finally, the Court notifies Plaintiff that if he continues to file documents in this case in the District of New Mexico, or if Plaintiff initiates a new case in the District of New Mexico based on the same facts as this case without showing that venue is proper in the District of New Mexico, the Court may impose filing restrictions on Plaintiff.

Doc. 5 at 3.

      Despite the Court's previous notice that any documents relevant to this case must be filed in the Central District of California, Plaintiff filed three additional documents in this case in the

District of New Mexico. *See* Doc. 6, filed October 14, 2021; Doc. 7, filed October 15, 2021; Doc. 10, filed October 26, 2021.

After proposing filing restrictions so that the Court does not expend valuable resources addressing future such filings, and after giving Plaintiff an opportunity to be heard regarding why the Court should not enter the proposed filing restrictions, the Court restricted Plaintiff from filing additional documents in this case except for an objection to the Order Imposing Filing Restrictions, a notice of appeal and a motion for leave to appeal *in forma pauperis*. *See* Order to Show Cause, Doc. 8, filed October 18, 2021; Order Imposing Filing Restrictions, Doc. 11, filed October 27, 2021.

In his Objection to the Order Imposing Filing Restrictions, Plaintiff argues that he is disabled, "it is 'more likely than not' venue is proper in the District of New Mexico," and the transfer of this case to the Central District of California "plac[es] an **undue hardship** on pro se Plaintiff." Objection at 2 (bold in original).

The Court overrules Plaintiff's Objection because Plaintiff has not set forth any argument showing that he should be allowed to file documents in the District of New Mexico in a case that has been transferred to the Central District of California. Instead, Plaintiff argues that this case should proceed in the District of New Mexico. *See* Objection at 2 (stating Plaintiff is presenting evidence of his disabilities "in an effort to have the proper venue remain in the District of New Mexico" and "now expects a[n] equitable, just and lawful decision"). The Court transferred this case pursuant to 28 U.S.C. § 1391(b), which governs venue in general, and 28 U.S.C. § 1406(a) which states: "The district court of a district in which is filed a case laying venue in the wrong division or district **shall dismiss, or** if it be in the interest of justice, **transfer such case** to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

2

Plaintiff has not cited any legal authority showing the Court may disregard the federal statutes governing venue and cases filed in the wrong district. Furthermore, this Court cannot order that this case proceed in the District of New Mexico because "[o]nce the files in a case are [docketed in] the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1516-17 (10th Cir. 1991).

**IT IS ORDERED** that:

(i) Plaintiff's Objection and Attachments to: Court[']s Order Imposing Filing Restrictions, Doc. 12, filed November 1, 2021, is **OVERRULED.**

(ii) The Clerk's Office shall redact page 4 of Plaintiff's Objection because it contains a copy of Plaintiff's Medicare Card with his Medicare Claim Number and a copy of his UNM Health Sciences Center Card with his MRN#.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**