IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNIE JAMES WILSON JR.,

        Plaintiff,

v.                                                                                                                             No. 1:21-cv-00941-KK

INTERCONTINENTAL HOTELS GROUP,
d.b.a. Holiday Inn Express,

        Defendant.

### MEMORANDUM OPINION AND ORDER REGARDING FILING

**THIS MATTER** comes before the Court on *pro se* Plaintiff's "Objection to Order Issued by Magistrate Kirtan Khalsa Transferring Venue to Central District of California," Doc. 15, filed March 24, 2022 ("Second Objections"), and Plaintiff's "Abuse of D[i]scretion: Discrimination and Plaintiff's Response to a Magistrate[']s Decisions in the Above Captioned Matters in their Entirety, Doc. 17, filed April 12, 2022 ("Third Objections").

On September 27, 2021, the Court transferred this case to the Central District of California. *See* Order, Doc. 5. Because Plaintiff had initiated a case in this Court earlier this year with a complaint that is essentially identical to the Complaint in this case and continued to file documents in the first case after the Court transferred that case, the undersigned notified Plaintiff that:

> this Court, having transferred the case to the Central District of California, cannot grant Plaintiff any relief. The Court also notifies Plaintiff that this Court will not consider, and will not transfer to the Central District of California, any additional documents that Plaintiff files in this case. Any documents relevant to this case that Plaintiff wishes to file must be filed in the Central District of California. Finally, the Court notifies Plaintiff that if he continues to file documents in this case in the District of New Mexico, or if Plaintiff initiates a new case in the District of New Mexico based on the same facts as this case without showing that venue is proper in the District of New Mexico, the Court may impose filing restrictions on Plaintiff.

Doc. 5 at 3.

Despite the Court's previous notice that any documents relevant to this case must be filed in the Central District of California, Plaintiff filed two additional documents in this case in the District of New Mexico.  The Court: (i) found that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such filings; (ii) proposed to impose the following filing restrictions on Plaintiff:

> Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis*; and

(iii) ordered Plaintiff to show cause.  Doc. 8, filed October 18, 2021.  After considering Plaintiff's Response to the Order to Show Cause and his Amended Complaint, the Court imposed the filing restrictions.  *See* Doc. 11, filed October 27, 2021.

Plaintiff then filed Objections to the Order imposing filing restrictions.  *See* Doc. 12, filed November 1, 2021.  The Court overruled Plaintiff's Objections stating:

> Plaintiff has not set forth any argument showing that he should be allowed to file documents in the District of New Mexico in a case that has been transferred to the Central District of California ... The Court transferred this case pursuant to 28 U.S.C. § 1391(b), which governs venue in general, and 28 U.S.C. § 1406(a) [which states the Court must dismiss or transfer any case filed in a wrong district] ... Plaintiff has not cited any legal authority showing the Court may disregard the federal statutes governing venue and cases filed in the wrong district. Furthermore, this Court cannot order that this case proceed in the District of New Mexico because "[o]nce the files in a case are [docketed in] the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1516-17 (10th Cir. 1991).

Doc. 13 at 2-3, filed November 2, 2021.

Plaintiff has since filed two additional documents seeking to have his case transferred back to the District of New Mexico.  *See* Second Objections at 2 (stating "Plaintiff demands the venue for this matter be relocated to the Court in Albuquerque, NM"); Third Objections at 4 (asking

"Chief Judge William P. Johnson ... [to] ... remove Kirtan Khalsa from 'adjudicating' the Complaints ... [and] Remand the venue back to Albuquerque").  The Court overrules Plaintiff's Second and Third Objections for the reasons previously stated in the Court's Order overruling Plaintiff's original Objections.

To the extent Plaintiff's Third Objection is a motion seeking recusal of the undersigned, the Court denies the motion.  Plaintiff seeks to have the undersigned removed from this case because he disagrees with the Court's Order transferring this case to the Central District of California and the Orders stating this Court cannot transfer the case from the Central District of California to the District of New Mexico.  "[I]t is well settled that a motion to recuse cannot be based solely on adverse rulings." *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1241 (10th Cir. 2020).  Plaintiff has not identified any valid grounds for the undersigned to disqualify herself from this case.  *See Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002) ("a judge also has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require"); 28 U.S.C. § 455 (listing grounds for the disqualification of a judge).

The Court's Order Imposing Filing Restrictions states:

(i) Plaintiff is enjoined from making further filings in this case except objections to this Order, a notice of appeal and a motion for leave to proceed on appeal in forma pauperis.

(ii) The Clerk shall not file any additional submissions by Plaintiff in this case other than objections to this Order, a notice of appeal, or a motion for leave to proceed on appeal in forma pauperis.

Doc. 11 at 2.  Plaintiff has already filed Objections, Doc. 12, to the Order Imposing Filing Restrictions.  The Court has overruled those Objections.  *See* Doc. 13.  Consequently, the Clerk

shall not file any additional submissions by Plaintiff in this case other than a notice of appeal or a motion for leave to proceed on appeal *in forma pauperis*.

**IT IS ORDERED** that:

(i) The Clerk shall not file any additional submissions by Plaintiff in this case other than a notice of appeal or a motion for leave to proceed on appeal *in forma pauperis*.

(ii) Plaintiff's "Objection to Order Issued by Magistrate Kirtan Khalsa Transferring Venue to Central District of California," Doc. 15, filed March 24, 2022, is **OVERRULED.**

(ii) Plaintiff's "Abuse of D[i]scretion: Discrimination and Plaintiff's Response to a Magistrate[']s Decisions in the Above Captioned Matters in their Entirety, Doc. 17, filed April 12, 2022, is **OVERRULED.**

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**