IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNIE JAMES WILSON JR.,

        Plaintiff,

v.                                                                                          No. 1:21-cv-00941-KWR-KK

INTERCONTINENTAL HOTELS GROUP,
d.b.a. Holiday Inn Express,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

*Pro se* Plaintiff, who resides in Albuquerque, New Mexico, alleged he suffered injuries after he slipped in a bathtub in Defendant's hotel located in Banning, California. *See* Complaint for Negligence Causing Bodily Harm and Damages and Negligent Infliction of Emotional Distress, Doc. 1, filed September 24, 2021.

United States Magistrate Judge Kirtan Khalsa concluded that the District of New Mexico is not the proper venue for this case because there are no allegations that Defendant resides in the District of New Mexico or that any of the events or omissions giving rise to the claim occurred in the District of New Mexico. *See* Doc. 5 at 2, filed September 27, 2021 (quoting 28 U.S.C. § 1391(b). Judge Khalsa transferred this case to the Central District of California pursuant to 28 U.S.C. § 1406(a) because the events or omissions giving rise to this case occurred in Banning, California, which is in the Central District of California.

Plaintiff subsequently filed a Notice of Appeal, Doc. 19, on April 21, 2022, and an Application to Proceed in *District* Court Without Prepaying Fees or Costs, Doc. 20, on April 22, 2022. Plaintiff did not comply with Judge Khalsa's Order to file a Motion for Leave to Proceed

*on Appeal* Without Prepayment of Costs or Fees. *See* Doc. 21, filed April 27, 2022. Because Plaintiff is proceeding *pro se*, has paid the filing fee to proceed in District Court and has filed a Notice of Appeal, the Court construes Plaintiff's Application as a motion for leave to appeal *in forma pauperis*.

"In order to succeed on [a motion for leave to proceed on appeal without prepayment of costs or fees], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'" *Spearman v. Collins*, 500 Fed.Appx. 742, 743 (10th Cir. 2012) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Id.; see also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("an appeal is frivolous if it lacks an arguable basis in either law or fact").

Plaintiff has shown a financial inability to pay the required filing fees but has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. In his Notice of Appeal, Plaintiff contends that "the change of venue to the Central District of California should not have been lawfully allowed" and that the change of venue to the Central District of California "places more than an undue hardship on an economically deprived citizen, to the distinct advantage of 'corporate' Defendants." Notice of Appeal at 1-2. Judge Khalsa had previously notified Plaintiff that:

> The Court transferred this case pursuant to 28 U.S.C. § 1391(b), which governs venue in general, and 28 U.S.C. § 1406(a) which states: "The district court of a

2

district in which is filed a case laying venue in the wrong division or district **shall dismiss, or** if it be in the interest of justice, **transfer such case** to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Plaintiff has not cited any legal authority showing the Court may disregard the federal statutes governing venue and cases filed in the wrong district. Furthermore, this Court cannot order that this case proceed in the District of New Mexico because "[o]nce the files in a case are [docketed in] the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1516-17 (10th Cir. 1991).

Doc. 13 at 2-3, filed November 2, 2021. Plaintiff's Notice of Appeal does not cite any legal authority showing the Court may disregard the federal statutes governing venue or review the transfer in the absence of jurisdiction.

The Court concludes that Plaintiff's appeal is not taken in good faith and that his request for leave to appeal *in forma pauperis* must be denied because he has not identified "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben*, 937 F.2d at 505.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 20, filed April 22, 2022, is **DENIED.**

**THE COURT CERTIFIES** that Plaintiff's appeal is **NOT TAKEN IN GOOD FAITH.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**